AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of California

**FILED**

| United States of America | ) | |
| | ) | APR 28 2017 |
| v. | ) | Case No. |
| RYAN MICHAEL SPENCER | ) | SUSAN Y. SOONG |
| | ) | CLERK, U.S. DISTRICT COURT |
| | ) | NORTHERN DISTRICT OF CALIFORNIA |
| | ) | 3   17   70643 |
| | ) | |

*Defendant(s)*

**JSC**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 27, 2017 _____ in the county of _____ Santa Cruz _____ in the

_____ Northern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

Please see the attached Affidavit of FBI Special Agent Elizabeth Hadley.

☑ Continued on the attached sheet.

Approved as to form:

*Julie D. Gar*

AUSA Julie Garcia

_____

*Complainant's signature*

FBI Special Agent Elizabeth Hadley

*Printed name and title*

Sworn to before me and signed in my presence.

Date:  4/27/17

_____

*Judge's signature*

City and state:  San Francisco, California

U.S. Magistrate Judge Jacqueline Scott Corley

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Elizabeth J. Hadley, being first duly sworn, do hereby depose and state as follows:

### I.    Introduction and Qualifications of Affiant

1.    This Affidavit is made in support of a Criminal Complaint charging Ryan Michael Spencer ("Spencer") with possession of child pornography in violation of Title 18 U.S.C. § 2252(a)(4)(B).

2.    I am an investigative or law enforcement officer of the United States, within the meaning of Title 18 U.S.C. § 2501(7), that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for offenses enumerated in Title 18 U.S.C. § 2252.

3.    I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) since 2009 and am currently assigned to the San Francisco Field Office to a squad that investigates crimes against children.  Prior to my service with the FBI, I was a Certified Public Accountant.  Since joining the FBI, I have investigated, among other things, federal criminal violations related to child pornography and the sexual exploitation of minors.  I am currently assigned to investigate cases involving the sexual exploitation of minors, including such exploitation via the Internet and computers.  I have experience investigating violations of child pornography and child exploitation and have reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media, including computer media.  I have participated in the execution of numerous search warrants conducted by the FBI and in the seizure of computer systems and other types of digital evidence.

4.    The statements contained in this affidavit are based in part on: information provided to me by other FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by FBI Special Agents; independent investigation and analysis by FBI Special Agents, analysts, and computer forensic professionals; and my experience, training and background as a Special Agent with the FBI.

5.    Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me that supports probable cause for arrest.  Instead, I have set forth only the facts that I believe are necessary to support the lawful arrest of the individual listed in this Affidavit.

### II.    Relevant Statute

6.    This investigation concerns alleged violations of Title 18 U.S.C. § 2252(a)(4)(B), Possession and Access, or Attempted Access, with Intent to View Child Pornography.  Title 18 U.S.C. § 2252(a)(4)(B) prohibits a person from knowingly possessing or knowingly accessing

with intent to view, or attempting to do so, any material that contains a visual depiction of and involving the use of a minor engaging in sexually explicit conduct, that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## III.    **Definitions**

7.    The following definitions apply to this Affidavit and attachments hereto:

a.    "Child Pornography" is defined in Title 18 U.S.C. § 2256(8) as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

b.    "Computer" is defined in Title 18 U.S.C. § 1030(e)(1) as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

c.    The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

d.    "Internet Service Providers" ("ISPs") are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone based dial-up, broadband based access via digital subscriber line ("DSL") or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, which the connection supports. Many ISPs assign each subscriber an account name – a user name or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a modem, the subscriber can establish communication with an Internet Service Provider ("ISP") over a telephone line, through a cable system or via satellite, and can access the Internet by using his or her account name and personal password.

2

e.     "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet.  IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet.  IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.  IP addresses are also used by computer servers, including web servers, to communicate with other computers.

f.     "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.  *See* Title 18 U.S.C. § 2256(2).

g.     "Website" consists of textual pages of information and associated graphic images.  The textual information is stored in a specific format known as Hyper-Text Mark-up Language ("HTML") and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol ("HTTP").

## IV.   Probable Cause

8.     On April 26, 2017, the FBI interviewed a witness who disclosed that he possesses, has distributed and has received images and videos of child pornography. The witness has received child pornography from several individuals that he met on the Internet. He communicates with these individuals through Kik messenger[1] and email.  The witness has also met with one of these individuals in person. He identified this person as Ryan Michael Spencer ("Spencer").

9.     Spencer's address and phone number are saved in the witness's phone under the name Ryan Michael Spencer. When shown the Kik messenger application on his phone, the witness identified the user name "rydawg99" as belonging to Spencer.

10.    When shown a California Department of Motor Vehicles photograph for Ryan Michael Spencer, the witness identified the person in the photograph as the person he knows as Ryan Michael Spencer, who uses the Kik account rydawg99.

11.    The witness stated that approximately 12 to 18 months ago he ordered an external hard drive from www.amazon.com and had it delivered directly to Spencer.  Spencer and the

---

[1] Kik Messenger is a free instant messenger application for mobile devices from Kik Interactive, available on iOS, Android, and Windows Phone operating systems. Kik Messenger is modeled after BlackBerry Messenger. It uses a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after users register a username.

witness had agreed that the witness would send the hard drive to Spencer and that Spencer would put images and videos of child pornography on the hard drive for the witness. At some point after ordering the hard drive, the witness traveled to Aptos, California, where Spencer picked him up at a bus station and brought the witness to Spencer's house.  At that time, Spencer gave a hard drive to the witness, which the witness stated contained thousands of images and videos of child pornography.

12.     On April 26, 2017, the aforementioned external hard drive was seized from the witness's residence.  The witness identified the bedroom and the external hard drive as his and provided the password to the hard drive, which was encrypted.  The encrypted hard drive was placed into evidence and will be reviewed as soon as possible in a forensic laboratory.

13.     The witness stated that Spencer's primary source of income is from babysitting numerous children and that Spencer takes images and videos of many of these children when they are naked.  Spencer told the witness that his preference is for children approximately four to eight years old.  The witness stated that he has received many images of naked prepubescent children from Spencer via the Kik application.

14.     The witness stated that Spencer claimed to have masturbated one of the children he was babysitting while the child was asleep.  The witness also stated that Spencer claimed that he had engaged in sexually explicit conduct with several other children while babysitting them.

15.     On April 1, 2017, the witness sent Spencer a message through Kik.  The witness stated: "Will send pics tomorrow."  The following day, on April 2, 2017, Spencer messaged the witness on Kik and said "Good… pics??"  The witness then sent one photograph of two prepubescent boys naked in a bathtub, with penis and buttocks visible, and additional photographs of prepubescent boys changing into their pajamas.

16.     On April 5, 2017, Spencer sent the witness numerous images through Kik of prepubescent boys naked in a locker room. In the message following the photos, Spencer stated: "Boys from Max's swim lessons."

17.     On April 16, 2017, Spencer and the witness exchanged the following messages:

| Witness | I got something to share |
|---|---|
| Witness | [Juvenile Victim #1's] brother like 11 via spycam |
| Spencer | Share |
| Spencer | He took a spycam vid of his brother?  That's hot |
| Spencer | His brother is hot |
| Witness | I'll probably wait til I get home |

| Spencer | So can't share m ☹ |
| Spencer | Okay |
| Witness | It's on my laptop now |

18.     Also on April 16, 2017, referring to the aforementioned video, Spencer sent the witness Kik messages stating: "Can't wait to see it," "How long? Does he cum," "Gosh I hope [Juvenile Victim #1] gets more," "Ahh so you see his dick and ass thou?"

19.     The witness stated that he has known Juvenile Victim #1 (JV#1) for several years. The witness stated he recently received from JV#1 via email a video of JV#1's younger brother, Juvenile Victim #2 (JV#2), masturbating in a bathroom. The witness stated that JV#1 told the witness that he had recorded JV#2 without JV#2's knowledge. The witness stated that he saved the video on his laptop. The witness stated that he believes JV#1 is currently 17 years old and JV#2 is approximately ten years old.

20.     An FBI Special Agent performed a preliminary review of a laptop seized from the witness's bedroom during the search of the witness's residence. During that review, a video file with JV#2's first name in the title was located. The video, which appeared to be surreptitious, depicted a prepubescent male masturbating in a bathroom.

21.     On April 27, 2017, the FBI executed a federal search warrant at Spencer's residence. Spencer was present and acknowledged he lived at the residence. While the residence was being searched, I conducted a recorded interview of Spencer with Special Agent Anastasia Cioni. At the beginning of the interview, I told Spencer he was not under arrest and he was free to leave the house.

22.     During the interview, Spencer stated he has taken photos of children he babysits while they are naked and "traded" those photos. Spencer stated that he has also obtained illegal images of children from the Internet. Spencer stated that he deletes the images after viewing them.

23.     Spencer stated that he is studying at community college to be an elementary school teacher. Spencer stated that he currently works for the county at an elementary school organizing recreational activities.

24.     During the execution of the search warrant, an iPhone was seized from a bedroom in the garage next to the residence. Spencer identified the bedroom and the iPhone as his and he opened the iPhone with his thumbprint so that an FBI Special Agent could search it.

25.     An FBI Special Agent performed a preliminary review of the iPhone found in Spencer's bedroom. During that review, messages between Spencer and the witness were located within the Kik mobile application. In a Kik message exchange, Spencer sent the witness images of a prepubescent boy changing in a locker room-type setting. In a series of photos, the

boy moves from having a towel wrapped around his waist to having his penis exposed. The image in which the boy's penis is exposed depicts sexually explicit conduct as defined under 18 U.S.C. § 2256(2)(A)(v), because it is the lascivious exhibition of the genitals or pubic areas of the victim. This image is submitted under seal as Exhibit A. Spencer then told the witness via Kik that he is babysitting the boy. Spencer and the witness exchanged messages about how "hot" the boy is. Spencer told the witness via Kik that he had to work hard to get the photos, as the boys were nervous being naked around him. Spencer described using the "towel trick" as being an effective way to get the photos.

26.     In a Kik message exchange dated April 5, 2017, Spencer sent the witness images of two prepubescent boys changing in a locker room type setting. Spencer described the victims as "Boys from Maxs swim lesson". One image depicts a prepubescent boy fully nude standing on a bench. Another image appears to be an edited version of the aforementioned image, focusing only on the naked boy's body. The later image depicts sexually explicit conduct as defined under 18 U.S.C. § 2256(2)(A)(v), because it is the lascivious exhibition of the genitals or pubic areas of the victim. This image is submitted under seal as Exhibit B. The witness responded to Spencer with a message stating, "I like that they stand on the bench to show off."

27.     Several laptops and encrypted hard drives were also seized from Spencer's bedroom and placed into evidence. These items will be reviewed as soon as possible in a forensic laboratory.

28.     Based on the fact that Spencer stated he has received and viewed illegal images of children and the fact that I located on Spencer's iPhone images of naked prepubescent boys taken by Spencer and sent from Spencer to the witness through Kik, I submit that there is probable cause to believe that Spencer has transported child pornography using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, including by computer, as required by 18 U.S.C. § 2252(a)(4)(B).

//

//

//

//

//

//

//

//

## V.   **Conclusion**

29.     Based on the foregoing, I believe there is probable cause to believe on or about April 27, 2017, Ryan Spencer knowingly possessed child pornography in violation of Title 18, United States Code § 2252(a)(4)(B).

_____
Special Agent Elizabeth J. Hadley
Federal Bureau of Investigation

Subscribed and sworn before me this ____27th____ day of April, 2017.

_____
HONORABLE JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7